UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HENRY WILLS,<br><br>  Plaintiff,<br><br>v.<br><br>JOSHUA MCKINLEY, *et al.*,<br><br>  Defendants. | Case No. 25-10888<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER CONSTRUING ECF NO. 9 AS PLAINTIFF'S AMENDED COMPLAINT, DENYING PLAINTIFF'S REQUEST FOR DISCOVERY WITHIN IT, AND GRANTING PLAINTIFF'S MOTION TO SERVE AMENDED COMPLAINT ON DEFENDANTS MCKINLEY AND BRYANT (ECF NO. 16)**

Plaintiff Henry Wills brings this prisoner civil rights case under 42 U.S.C. § 1983, proceeding *pro se* and *in forma pauperis*. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 10.

In his original complaint, Wills listed three defendants he is suing: 1) Joshua McKinley; 2) Spencer Gibson; and 3) Nickolas White. ECF No. 1, PageID.2-3. He also listed an unidentified "john doe" defendant. *Id.*,

PageID.3.  The United States Marshal was ordered to serve the defendants.  ECF No. 8.

But soon after that, Wills filed a "Motion To Amend Information of 42 U.S.C. § 1983; Pro Se Litigant Plaintiff Wills' Amended Declarations."  ECF No. 9.  A later filing, ECF No. 16, reflects that Wills intended that to be an amended complaint.  *Id*., PageID.57.  The Court thus construes ECF No. 9 to be an amended complaint, filed as of right under Fed. R. Civ. P. 15(a)(1).

In his amended complaint, Wills sues: 1) Joshua McKinley; 2) Spencer Gibson; and 3) James Bryant.  ECF No. 9, PageID.38.  Thus, Wills dropped Nickolas White as a defendant and added Bryant.  White shall therefore be terminated from the docket and Bryant shall be added.

In ECF No. 16, Wills notes that only defendant Gibson has appeared in this action and moves the Court to have his amended complaint served on the remaining two defendants (McKinley and Bryant).  *Id*., PageID.56.

The Court hereby **GRANTS** Wills's request and **ORDERS** the U.S. Marshal Service to serve the amended complaint (ECF No. 9) on defendants Joshua McKinley and James Bryant by **September 22, 2025.**

Finally, the Court notes that in his amended complaint Wills "moves for review of body camera footage" and other discovery.  ECF. No. 9, PageID.38.  But a party must request discovery from defendants or from a

third-party under Federal Rules of Civil Procedure 26-35 & 45, and may motion to compel discovery only if and when the recipient of the discovery requests fails to properly answer the discovery requests.  And Willis may not serve a discovery request until only after the Court has issued a scheduling order to start the discovery period.  So Wills's request for the Court to secure discovery for him is improper and is **DENIED.**  The Court also **WARNS** Willis that his motions to compel or other requests should be filed in independent documents rather than being buried in unrelated filings.

    IT IS SO ORDERED.

Dated: August 25, 2025

<u>s/Elizabeth A. Stafford</u>
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
