UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HENRY WILLS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA MCKINLEY, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 25-10888<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER FOR THE U.S. MARSHALS SERVICE TO USE REASONABLE EFFORTS TO SERVE DEFENDANTS MCKINLEY AND BRYANT

Plaintiff Henry Wills, a prisoner proceeding pro se and *in forma pauperis*, sues Defendants Joshua McKinley, Spencer Gibson, and James Bryant under 42 U.S.C. § 1983.  ECF No. 9.  The Honorable Linda V. Parker referred the case to this Court for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.

In May 2025, the Court ordered the U.S. Marshal Service to serve the amended complaint on defendants, ECF No. 8, but no proof of service has been filed for McKinley and Bryant.  Thus, in August 2025, the Court ordered the Marshal Service to serve McKinley and Bryant by September

22, 2025.  ECF No. 19, PageID.63.  But McKinley and Bryant still have not yet been served.

When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  Thus, the Marshal Service has a duty to make reasonable efforts to serve defendants.  *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41 (E.D. Mich. 2004); *see also Spencer v. Bynum*, No. 2:13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013).  And in prisoner cases, the Marshal Service is tasked with using reasonable efforts to locate the defendants because of (1) the security risks inherent in providing prisoners with the addresses of government officials, and (2) the difficultly that prisoners have in accessing information through the government.  *VanDiver*, 304 F. Supp. at 939.

The Marshal Service must use reasonable efforts to locate and personally serve defendants McKinley and Bryant **by December 18, 2025**.  *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL6410447, at *2-4 (S.D. Ohio Dec. 9, 2013) (ordering the Marshals Service to take reasonable steps to locate defendant's address through an internet search and by consulting with defendant's former employer); *Reed-Bey v. Pramstaller*, No. 06-CV-10934, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013) (Marshals Service was ordered to personally serve defendants after a

2

fourth waiver request was returned unexecuted).  The Marshal Service must inform the Court of the results of its attempt to personally serve McKinley and Bryant.  See Neal v. City of Detroit Police Dep't, No. 17-13170, 2018 WL 8608298, at *1 (E.D. Mich. Jan. 19, 2018).

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 28, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

3

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2025.

                                                s/Davon Allen
                                                DAVON ALLEN
                                                Case Manager