UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY WILLS,

Plaintiff,

v.

JOSHUA MCKINLEY, *et al*.,

Defendants.

Case No. 25-10888
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING DEFENDANT GIBSON'S MOTION TO COMPEL
AND GRANTING IN PART HIS MOTION
TO EXTEND THE SCHEDULING DEADLINES
(ECF NOS. 47 & 49)**

**A.**

Plaintiff Henry Wills, a prisoner proceeding pro se and in forma pauperis, sues Defendants Joshua McKinley, Spencer Gibson, and James Bryant under 42 U.S.C. § 1983. ECF No. 9. The Honorable Linda V. Parker referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). Discovery in this case closed on May 20, 2026, and the dispositive motions deadline was June 19, 2026. ECF No. 36. On July 22, 2026, two months after the discovery deadline, Defendant Spencer Gibson moved to compel Wills to provide interrogatory answers and signed

1

releases in response to discovery requests made on July 15, 2025, and March 27, 2026.  ECF No. 47, PageID.349, 351.  Gibson also moved to extend the scheduling order dates on July 22.  ECF No. 49.  The Court will deny Gibson's requests to compel discovery and to extend the discovery deadline, but will extend the dispositive motions deadline.

**B.**

The Court will first address Gibson's motion to compel.  The scheduling order expressly warned, "Unless good cause is shown, the Court will not entertain motions to compel that are filed after the discovery cutoff."  ECF No. 36, PageID.239.  That order aligns with a district court's discretion to deny discovery motions filed after the discovery deadline.  *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 621 (6th Cir. 2018) (collecting cases in which "courts have denied discovery motions filed after the close of discovery" and "[r]eviewing courts have also affirmed the denial of untimely motions to compel.").  Gibson does not show good cause for his late effort to compel discovery.  He describes challenges in litigating against a pro se prisoner, but he identifies no obstacle that prevented him from timely moving to compel.  ECF No. 47, PageID.353.   The Court therefore **DENIES** Gibson's motion to compel.

## C.

Gibson also moves to adjourn the discovery and dispositive motions deadlines by five months.  ECF No. 49.  The Court may modify the schedule only for good cause.  Fed. R. Civ. P. 16(b)(4).  And when a party seeks to file a motion after a scheduling order deadline, the Court must also apply the excusable neglect standard under Federal Rule of Procedure 6(b).  *Century Indem. Co. v. Begley Co*., 323 F.R.D. 237, 240-42 (E.D. Ky. 2018).  Because Gibson could have moved to compel discovery months ago, the Court rejects his claim that Wills' late discovery responses provide good cause for his motion to extend the scheduling dates.

Nor has Gibson shown that his tardiness is due to excusable neglect. To determine whether excusable neglect exists, courts must weigh these equitable factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* at 241-42.  In applying this standard, the Court bears in mind that "[a] scheduling order maintains orderly proceedings and is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Id*. at 240 (cleaned up).

3

Gibson does not show excusable neglect under these factors.  He could have moved to compel discovery and extend the discovery deadline long before the deadline lapsed.  Gibson does not explain why he waited until two months after the discovery deadline to seek an extension.  Thus, his motion to extend discovery is **DENIED**.

But when considering the potential impact on judicial proceedings, the Court finds that it should address whether genuine issues for trial exist, as failing to do so may waste judicial resources.  So the Court will **GRANT** defendants' motion to extend the dispositive motions deadline, and will extend that deadline until **August 17, 2026.**

    **IT IS SO ORDERED**.

s/Elizabeth A. Stafford

ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 27, 2026

4

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager
